1  SEYFARTH SHAW LLP
   Laura J. Maechtlen (SBN 224923)
2  lmaechtlen@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   United States of America
4  Telephone:     (415) 397-2823
   Facsimile:     (415) 397-8549
5
   SEYFARTH SHAW LLP
6  Anthony J. Musante (SBN 252097)
   amusante@seyfarth.com
7  400 Capitol Mall, Suite 2350
   Sacramento, California 95814
8  Telephone:     (916) 498-7049
   Facsimile:     (916) 558-4839
9
   Attorneys for Defendant
10 TARGET CORPORATION

11                UNITED STATES DISTRICT COURT

12                EASTERN DISTRICT OF CALIFORNIA

13

14
   SANDRA SANCHEZ,                          Case No.
15
                 Plaintiffs,                **NOTICE OF REMOVAL OF CIVIL
16                                          ACTION TO THE UNITED STATES
         v.                                 DISTRICT COURT**
17
   TARGET CORPORATION and DOES 1-100,
18
                 Defendants.
19

20       TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND

21 HER COUNSEL OF RECORD:

22       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446 defendant Target

23 Corporation ("Target") hereby removes the above-referenced action from the California Superior

24 Court, County of Fresno to the United States District Court for the Eastern District of California.

25 This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) (diversity of

26 citizenship jurisdiction).

27 ///

28 ///

---

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
17176215v.1

**PLEADINGS AND PROCEEDINGS TO DATE**

1.     On April 9, 2014, an action was commenced in the Superior Court of the State of California, County of Fresno, entitled *Sandra Sanchez v. Target Corporation and Does 1 - 100*, Case No. 14 C# CG 01010 MBS, purporting to assert claims against Defendant for (1) Pregnancy Discrimination (FEHA); (2) Disability Discrimination (FEHA); (3) Failure to Accommodate (FEHA); (4) Failure to Engage in the Interactive Process (FEHA); (5) Retaliation (FEHA); (6) Failure to Prevent Discrimination and Harassment (FEHA); and (7) Interference and Retaliation (CFRA).

**TIMELINESS OF REMOVAL**

2.     Defendant was served with the summons and Complaint on April 20, 2014.[1]  A copy of the summons and Complaint is attached hereto as **Exhibit A**. Target's Answer, filed in the state court on May 16, 2014, is attached hereto as **Exhibit B**.  Defendant is informed and believes that the documents attached to this notice as Exhibits A and B constitute the entirety of the state court file in this action.  This notice of removal is filed within thirty days of receipt of an amended pleading or other paper from which it could first be ascertained that the case has become removable, and is timely pursuant to 28 U.S.C. section 1446(b)(1) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**DIVERSITY JURISDICTION**

3.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(a) in that this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**The Citizenship of the Parties**

4.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Defendant

---

[1] On April 10, 2014, Plaintiff sent the Summons and Complaint to Defendant's agent for service of process by certified mail. "Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." CCP 415.40.  Accordingly, service of the summons and complaint was deemed complete April 20, 2014.

2

1  is informed and believes, and thereon alleges, that Plaintiff was at all relevant times, and still is,

2  a citizen of the State of California.

3       5.     Target is not a citizen of the State of California.  Target is incorporated under the

4  laws of the State of Minnesota and maintains its principal place of business in the State of

5  Minnesota.  According to the United States Supreme Court, a company's "'principal place of

6  business' is best read as referring to the place where a corporation's officers direct, control, and

7  coordinate the corporation's activities.  It is the place that Courts of Appeals have called the

8  corporation's 'nerve center.'  And in practice it should normally be the place where the

9  corporation maintains its headquarters—provided that the headquarters is the actual center of

10  direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the

11  corporation holds its board meetings (for example, attended by directors and officers who have

12  traveled there for the occasion)."  *Hertz Corp. v. Friend*, 559 U. S. 77, 92-93 (2010).

13       6.     Target's corporate headquarters are in Minneapolis, Minnesota.  All of its

14  corporate officers are located in Minnesota.  It follows that Target is a citizen of the State of

15  Minnesota.

16       7.     Target is not aware of any Doe defendant having been served with a copy of the

17  Summons and Complaint.  The citizenship of the fictitious defendants, Does 1 through 100, must

18  be disregarded pursuant to 28 U.S.C. § 1441(a).  Accordingly, pursuant to 28 U.S.C. section

19  1332(c), Plaintiffs and Defendant have diverse citizenship.

20  **The Amount in Controversy**

21       8.     Plaintiff prays for the following damages: actual damages, compensatory

22  damages, special damages, punitive damages, and attorneys' fees and costs. (Complaint, Prayer,

23  p. 23).

24       9.     While Defendant denies any liability as to Plaintiff's claims, the amount in

25  controversy requirement is satisfied because "it is more likely than not" that the amount exceeds

26  the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404

27  (9th Cir. 1996) ("defendant must provide evidence establishing that it is 'more likely than not'

28  that the amount in controversy exceeds [the threshold] amount"); *Kroske v. U.S. Bank Corp.*, 432

17176215v.1

F.3d 976, 980 (9th Cir. 2005) (district court properly considered damages awards in other similar cases); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

10.   In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Conrad Assocs. v. Hartford Accident & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).   As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

11.   Plaintiff's prayer for compensatory damages includes a claim for back pay.  *See Lowe v. California Resources Agency*, 1 Cal. App. 4th 1140, 1144 n.3 (1991) ("In the employment discrimination context, the term '[b]ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment. Back pay includes … fringe benefits (such as medical insurance), and all other compensation that would have been obtained but for the discrimination.'") (quoting 3 Wilcox, Cal. Employment Law (1991) EEO Civil Actions, State Law, § 43.01[8][b], pp. 43-44, 43-45, fns. omitted).

12.   Plaintiff's hourly rate of pay was $13.71 at the time of her termination from Target.  (Declaration of Paul Lehto ¶ 3).  As such, her annual pay from Target was approximately $15,513.14.  (*Id.*)  Plaintiff's employment with Target was terminated on May 14, 2012.  (Complaint ¶ 55)  Therefore, the amount of her claimed lost income is over two year's

4

1    wages, or more than $31,000.  Furthermore, considering the Court's calendar, the standard

2    timelines for the progress of civil litigation, and the timeframes involved in the Federal Rules of

3    Civil Procedure, it is unlikely this case will come to trial within 12 months, bringing the amount

4    of back pay to approximately $46,500.

5        13.    Plaintiff also claims that she has suffered emotional distress damages as a result

6    of Defendant's actions.  Specifically, she claims to have "suffered humiliation, mental anguish,

7    and severe emotional and physical distress, and she has suffered injury to her mind and/or body."

8    (Complaint ¶¶ 74, 91, 107, 123, 140, 155, 171) Emotional distress damages may be considered

9    when calculating the amount in controversy even where not clearly pled in the complaint.

10   *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate Ins.*

11   *Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard

12   to emotional distress damages should not preclude this Court from noting that these damages are

13   potentially substantial").

14       14.    Plaintiff also seeks punitive damages, claiming that "Defendant engaged in the

15   described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of

16   Plaintiff's rights". (Complaint ¶¶ 75, 92, 108, 124, 141, 156, 172)  Requests for punitive

17   damages must also be taken into account in ascertaining the amount in controversy if they are

18   recoverable as a matter of state law.  *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325

19   F.2d 785, 787 (9th Cir. 1963); *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th

20   Cir. 1996); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established

21   that punitive damages are part of the amount in controversy in a civil action.").

22       15.    A court may consider awards in similar cases when deciding whether it is more

23   likely than not that the amount in controversy requirement is met.  *Simmons*, 209 F. Supp. 2d at

24   1033; *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Defendant directs the

25   Court's attention to the following recent verdicts in similar cases, all of which exceeded $75,000:

26   - In *Salinda v. DIRECTV Inc.*, Los Angeles County Superior Court, Case No.
         BC475999, 45 Trials Digest 16th 9 (August 23, 2013), the jury attributed
27       $214,171 of damages to plaintiff's disability discrimination claim, $750,000 of
         damages to plaintiff's failure to prevent discrimination and/or retaliation claim,
28       and $214,170 of damages to plaintiff's interactive process claim.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

17176215v.1

- In *Grodzik v. California Conservation Corp., et al.*, Sacramento County Superior Court, Case No. 35-2008-00017106, VerdictSearch California Reporter, Vol. 9, Issue 28 (June 15, 2010), a jury returned a verdict of $159,000 on Plaintiff's disability discrimination, failure to prevent retaliation and discrimination, and failure to engage in the interactive process claims.

- In *Gilman-Veronese v. Lucasfilm Ltd.*, Marin County Superior Court, Case No. CIV 091548, VerdictSearch California Reporter, No. 810572 (2010), a jury returned a verdict of $113,830 in damages for emotional distress and past lost earnings on Plaintiff's pregnancy discrimination claim.

- In *Berlanga v. Willow Grove School District*, San Benito County Superior Court, Case No. CU-09-00100, VerdictSearch California Reporter Vol. 9, Issue 42 (October 6, 2010), the jury returned a $200,000 verdict on Berlanga's pregnancy discrimination claims.

- In *Castro & Mendoza v. Woodfin Suites Hotels, LLC*, Alameda County Superior Court, Case No. RG06264668, VerdictSearch California Reporter Vol. 7, Issue 34 (July 15, 2008), the jury returned a $630,000 verdict for Mendoza and a $330,000 verdict for Castro on their claims for disability discrimination, retaliation, wrongful termination, failure to provide a reasonable accommodation, and failure to engage in the interactive process.

- In *Lopez-Lawrence v. California Pacific Medical Center*, San Francisco County Superior Court, Case No. 965275, 35 Trials Digest 2d 33 (February 14, 1997), the plaintiff brought suit for wrongful termination in violation of public policy and discrimination in violation of CFRA after she was laid off from her computer operator position. The jury awarded $30,242 in economic and non-economic damages, and $110,000 punitive damages.

Taken together, these cases illustrate that damage awards can easily exceed $75,000 in disability discrimination, failure to accommodate and retaliation cases.

16.    Finally, it is unimaginable that Plaintiff's counsel would seek less than $75,000 in attorneys' fees for a jury trial of the claims alleged in the Complaint. If Plaintiff's counsel is seeking less than $75,000 in fees, Defendant invites him to stipulate to this fact for purposes of this case.

17.    Thus, it is clear that, if Plaintiff's claims are successful, the damages sought for purposes of determining the amount in controversy would more likely than not exceed $75,000. *Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031 (removal is proper where defendant demonstrates it is "more likely than not" that the amount in controversy exceeds $75,000).

///

///

6

17176215v.1

1

**VENUE**

2      18.     Removal to this Court is proper pursuant to 28 U.S.C. sections 1391(a) and

3   1441(a) because the state court action was filed in Fresno County.

4      WHEREFORE, Defendant prays that this civil action be removed from the Superior

5   Court of the State of California, Fresno County, to the United States District Court for the

6   Eastern District of California.

7

Dated: May 20, 2014                          SEYFARTH SHAW LLP

8

9

                                             By: /s/ Anthony J. Musante

10                                               Laura J. Maechtlen
                                                 Anthony J. Musante

11                                           Attorneys for Defendant
                                             TARGET CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

17176215v.1

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/14/2014
CT Log Number 524767952

TO:     Anne Lohmer
        Target Corporation
        1000 Nicollet Mall
        Minneapolis, MN 55403-

RE:     **Process Served in California**

FOR:    Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sandra Sanchez, Pltf. vs. Target Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Attachment, Stipulation, Report, Notice |
| **COURT/AGENCY:** | Fresno County - Superior Court, CA<br>Case # 14CECG01010 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Discrimination - On the grounds of plaintiff's Pregnancy leave defendant unlawfully terminated her on or about May 14, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/14/2014 postmarked on 04/10/2014 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Dean B. Gordon<br>Law Office of Dean B. Gordon<br>1220 East Olive Avenue<br>Fresno, CA 93728<br>559-221-7777 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2014, Expected Purge Date: 04/20/2014<br>Image SOP<br>Email Notification, Employee Litigation Target CT.Service@target.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** TARGET CORPORATION
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** SANDRA SANCHEZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

APR - 9 2014

FRESNO COUNTY SUPERIOR COURT

By_____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 14 CE CG 01010 |
|---|---|

FRESNO COUNTY SUPERIOR COURT

1130 "O" STREET, FRESNO, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DEAN B. GORDON (061311)

LAW OFFICE OF DEAN B. GORDON, 1220 EAST OLIVE AVE., FRESNO, CA 93728, 559-221-7777

| DATE: *(Fecha)* APR - 9 2014 | Clerk, by *(Secretario)* G. SAUCEDA | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.JurlSearch.com |
|---|---|---|

1   DEAN B. GORDON (SBN 061311)
    Law Office of Dean B. Gordon
2   1220 East Olive Avenue
    Fresno, California 93728
3   Telephone:  (559) 221-7777
    Facsimile:   (559) 221-6812
4

5   Attorney for Plaintiff SANDRA SANCHEZ

6

7

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA,

11              COUNTY OF FRESNO, CIVIL UNLIMITED

12

13  SANDRA SANCHEZ,                    ) Case No.:   14 CE CG 01 0 10  MBS
                                       )
14          Plaintiff,                 ) COMPLAINT FOR DAMAGES AND
                                       ) INJUNCTIVE RELIEF; DEMAND FOR JURY
15      vs.                            ) TRIAL; REQUEST FOR JURY TRIAL
                                       )
16  TARGET CORPORATION and DOES 1      ) 1)   Pregnancy Discrimination (FEHA)
    through 100,                       ) 2)   Disability Discrimination (FEHA)
17                                     ) 3)   Failure to Accommodate (FEHA)
                                       ) 4)   Failure to Engage in the Interactive
18          Defendant.                 )        Process (FEHA)
                                       ) 5)   Retaliation (FEHA)
19                                     ) 6)   Failure to Prevent Discrimination and
                                       )        Harassment (FEHA)
20                                     ) 7)   Interference & Retaliation (CFRA)
                                       )
21  _____)

22      Plaintiff SANDRA SANCHEZ is informed, believes, and alleges as follows:

23

24                              JURISDICTION

25      1.      The true names and capacities of Defendants sued herein, whether individual,

26  corporate, associate, partnership or otherwise, and Does 1 through 100, are unknown to Plaintiff,

27  who therefore sues each such Defendant by such fictitious names.

28

_Sandra Sanchez v. Target Corporation, et al._                Fresno County Superior Court
Complaint for Damages & Injunctive Relief                                         Page 1

2.    Plaintiff will seek leave to amend this complaint to show the true names and capacities of said fictitious Defendant when Plaintiff ascertains them. Each of the Defendants that Plaintiff has designated as a DOE was, in some manner, responsible for the occurrences and injuries alleged herein.

3.    At all relevant times, each Defendant was acting as the agent and employee of each other Defendant within the course and scope of such agency and employment; and with the knowledge, consent, permission, and authorization of each other Defendant.

4.    The actions and conduct of Defendant as described herein were ratified and approved by the officers, directors, and/or managing agents of Defendant TARGET CORPORATION and DOES 1-100.

5.    At all relevant times, Defendant TARGET CORPORATION and DOES 1- 100 is and was a corporation operating and doing business in the Fresno County, California.

6.    Plaintiff is informed, believes and alleges that each act and omission complained of herein occurred in the County of Fresno, State of California.

### FACTS COMMON TO ALL CAUSES OF ACTION

7.    On or about January 12, 2009, SANDRA SANCHEZ applied for employment as a Pharmacy Technician at TARGET CORPORATION.

8.    On or about January 26, 2009, MS. SANCHEZ commenced her employment as a Pharmacy Technician at a TARGET CORPORATION pharmacy at Herndon and Willow in Clovis, California.

9.    On or about May 5, 2010, MS. SANCHEZ'S Performance Review stated that she fully met and/or exceeded expectations in all categories.

10.    On or about October 23, 2010, MS. SANCHEZ had severe abdominal pain and went to a hospital emergency room.

11.    On or about October 27, 2010, MS. SANCHEZ'S physician examined her and found that she had a serious medical condition involving pelvic pain, contusion of her tailbone, and intermittent abdominal pain. Because of Plaintiff's serious medical condition, her doctor

1    directed her to take approximately two weeks from October 24, 2010 through November 11, 2010,

2    and provided a disability note to TARGET CORPORATION on Plaintiff's behalf.

3          12.    On or about October 27, 2010, TARGET CORPORATION advised MS.

4    SANCHEZ that it had received her request for medical leave from October 24, 2010 through

5    November 12, 2010.

6          13.    On or about November 13, 2010, MS. SANCHEZ returned to work at her regular

7    job as a Pharmacy Technician at TARGET CORPORATION, and she continued working as

8    scheduled until November 22, 2010.

9          14.    On or about November 15, 2010, TARGET CORPORATION notified MS.

10    SANCHEZ that she needed to provide documentation for her medical leave of absence that she

11    had taken from about October 25, 2010 through November 12, 2010.

12          15.    On or about November 17, 2010, MS. SANCHEZ obtained a note from her

13    physician showing her ability to return to work on November 12, 2010, and she provided the note

14    to TARGET CORPORATION.

15          16.    On or about November 18, 2010, TARGET CORPORATION approved MS.

16    SANCHEZ'S unpaid medical leave of absence from October 24, 2010 through November 11,

17    2010.

18          17.    On or about November 23, 2010, MS. SANCHEZ returned to her physician for the

19    same or related medical conditions that had necessitated her leave from October 25, 2010 through

20    November 12, 2010. MS. SANCHEZ'S physician determined that surgery was necessary.

21          18.    On November 29, 2010, MS. SANCHEZ underwent surgery to remove a cyst on

22    her right ovary. MS. SANCHEZ did not work from November 23, 2010 until she recovered from

23    her surgery on December 13, 2010.

24          19.    On or about November 28, 2010, TARGET CORPORATION provided MS.

25    SANCHEZ with a letter confirming her leave of absence request from November 23 through

26    December 14, 2010.

27          20.    On or about December 14, 2010, MS. SANCHEZ had a follow-up 2-week post-

28    operative visit with her physician.

21.   On or about December 15, 2010, MS. SANCHEZ returned to work at her regular job as a Pharmacy Technician at TARGET CORPORATION, and she continued to work as scheduled until February 26, 2010.

22.   On or about December 15, 2010, TARGET CORPORATION sent MS. SANCHEZ a letter reminding MS. SANCHEZ that it had not yet received required documentation in support of her requested leave of absence from November 23, 2010 through December 14, 2010.

23.   On or about January 3, 2011, TARGET CORPORATION retroactively denied MS. SANCHEZ'S request for a leave absence from November 23, 2010 through December 13, 2010, advising her that TARGET CORPORATION may consider any missed workdays during that period to be unexcused.

24.   On or about February 27, 2011, MS. SANCHEZ had another surgery at Fresno Community Regional Medical Center as treatment for acute appendicitis.

25.   On or about March 3, 2011, MS. SANCHEZ'S physician faxed TARGET CORPORATION a Disability Certificate documenting MS. SANCHEZ'S inability to work from February 27, 2011 through March 8, 2011, because she had emergency surgery for acute appendicitis on February 27, 2011.

26.   On or about March 4, 2011, TARGET CORPORATION advised MS. SANCHEZ that it had received her request for medical leave from February 27, 2011 through March 9, 2011.

27.   On or about March 8, 2011, MS. SANCHEZ'S physician wrote a disability note excusing her from work on March 8, 2011 through March 14, 2011.

28.   On or about March 15, 2011, MS. SANCHEZ returned to work at her regular job as a Pharmacy Technician at TARGET CORPORATION, and she continued working as scheduled until May 24, 2011.

29.   On or about March 21, 2011, TARGET CORPORATION advised MS. SANCHEZ that it had not received documentation supporting her request for leave of absence.

30.   On March 29, 2011, MS. SANCHEZ'S PHYSICIAN wrote a disability note excusing her from work from February 27, 2011 through March 8, 2011, with her returning to work on March 9, 2011.

31.     On or about March 30, 2011, TARGET CORPORATION approved MS. SANCHEZ'S requested leave of absence from February 27, 2011 through March 8, 2011.

32.     On or about May 11, 2011, MS. SANCHEZ received a performance review from TARGET CORPORATION, finding that she fully met and/or exceeded all standards.

33.     On or about May 25, 2011, MS. SANCHEZ'S physician wrote a disability note excusing her from work because of severe pelvic pain, from May 25, 2011 through May 26, 2011.

34.     On or about May 26, 2011, MS. SANCHEZ'S physician wrote a disability note excusing her from work from May 26, 2011 through May 30, 2011, anticipating her return date of May 31, 2011.

35.     On or about May 31, 2011, MS. SANCHEZ returned to work for TARGET CORPORATION, and she continued to work as scheduled until July 19, 2011.

36.     On or about July 21, 2011, MS. SANCHEZ'S physician wrote a disability note excusing her from work from July 20-22, 2011 and July 24, 2011.

37.     On or about July 25, 2011, MS. SANCHEZ'S physician wrote a disability note excusing her from work on July 25, 2011 and July 26, 2011.

38.     On or about July 27, 2011, MS. SANCHEZ'S physician wrote a note excusing her from work for one month.

39.     On or about August 3, 2011, TARGET CORPORATION sent a letter to MS. SANCHEZ acknowledging her request for an unpaid medical leave of absence from July 20, 2011 through August 25, 2011, stating that if approved, that MS. SANCHEZ could take the leave pursuant to the Family Medical Leave Act.

40.     On or about August 12, 2011, MS. SANCHEZ'S physician faxed a disability note to TARGET CORPORATION precluding MS. SANCHEZ from working from July 27, 2011 through approximately August 24, 2011, and anticipating her return to work date as August 25, 2011.

41.     On or about August 16, 2011, TARGET CORPORATION approved MS. SANCHEZ'S request for medical leave from July 20, 2011 through August 24, 2011, with her anticipated return to work on August 25, 2011.

42.     On or about August 23, 2011, MS. SANCHEZ'S physician wrote a disability note excusing MS. SANCHEZ from working from August 23, 2011 through October 4, 2011 because of pregnancy complications. He estimated MS. SANCHEZ'S due date as April 5, 2012.

43.     On or about August 26, 2011, TARGET CORPORATION approved MS. SANCHEZ'S leave request extending her leave of absence through October 4, 2011.

44.     On or about October 4, 2011, MS. SANCHEZ'S physician prepared a disability note extending her disability due to pregnancy complications through November 15, 2011. MS. SANCHEZ'S physician faxed a note to TARGET CORPORATION on October 5, 2011.

45.     On or about October 6, 2011, TARGET CORPORATION sent MS. SANCHEZ a letter advising her that it had closed her request for a leave of absence under FMLA, from July 20, 2011 through October 3, 2011.

46.     On or about October 11, 2011, TARGET CORPORATION approved MS. SANCHEZ'S request to extend her disability leave until November 15, 2011, with her anticipated return to work on November 16, 2011.

47.     On or about November 8, 2011, MS. SANCHEZ'S physician prepared a note extending her disability leave through December 27, 2011, with her expected date that she could return to work as December 28, 2011.

48.     On or about November 22, 2011, TARGET CORPORATION sent MS. SANCHEZ a letter advising her that as of November 19, 2011, her 16-week FMLA allotment and 4 month California Pregnancy Disability Leave had been exhausted.

49.     On or about December 30, 2011, MS. SANCHEZ'S physician extended her disability due to pregnancy complications to February 11, 2012, with MS. SANCHEZ'S anticipated return to work estimated as February 12, 2012.

50.     On or about February 9, 2012, MS. SANCHEZ'S physician prepared another note extending MS. SANCHEZ'S disability due to pregnancy complications to May 19, 2012, with her anticipated return to work on May 20, 2012.

51.     On or about March 26, 2012, MS. SANCHEZ gave birth via a Caesarian Section.

52.     On or about April 20, 2012, MS. SANCHEZ'S physician sent documentation to the

1   Employment Development Department indicating that MS. SANCHEZ was disabled with an

2   anticipated return date to work date of May 22, 2012.

3          53.     On or about May 10, 2012, an employee of the human resources department of

4   TARGET CORPORATION telephoned MS. SANCHEZ advising her that TARGET

5   CORPORATION would terminate Plaintiff's employment if she did not return to work by May

6   13, 2012.

7          54.     During this telephone call of May 10, 2012, MS. SANCHEZ requested that

8   TARGET CORPORATION permit her to remain on leave until about May 21, 2012, and that she

9   could return to work on or about May 22, 2012, per her doctor's disability note.

10         55.     On or about May 14, 2012, TARGET CORPORATION denied Plaintiff's request

11  for a brief extension of her medical leave or any other accommodation, and instead sent MS.

12  SANCHEZ a letter stating that it had processed MS. SANCHEZ'S request to voluntarily terminate

13  her employment, even though MS. SANCHEZ had never requested termination of her

14  employment, but rather Plaintiff and her doctor had requested a short extension of her disability

15  leave until May 22, 2012.

16         56.     On or about January 18, 2013, TARGET CORPORATION sent a letter to MS.

17  SANCHEZ regarding an uncashed check dated May 14, 2010 for $211.80.

18         57.     At no time during MS. SANCHEZ'S leaves or thereafter, did TARGET

19  CORPORATION engage in an interactive process to consider any accommodation for MS.

20  SANCHEZ'S disability, such as extending her medical leave for an additional period of

21  approximately ten days from May 13, 2012 to May 22, 2012, or exploring whether MS.

22  SANCHEZ could work part time, or some other reasonable accommodation that might have been

23  available, but which is currently unknown to MS. SANCHEZ.

24         58.     Within days after Defendant became aware that Plaintiff was pregnant and

25  continuing until she was terminated (including the twelve months preceding the filing of the initial

26  DFEH Complaint referenced above), Defendant TARGET CORPORATION engaged in a

27  continuing course of conduct using its supervisory power and authority over Plaintiff to: harass;

28  retaliate; intimidate; coerce Plaintiff into quitting because of her temporary disability of

1   pregnancy, and interfere with Plaintiffs' protected FEHA rights regarding pregnancy leave and

2   under the California Family Rights Act.

3       59.    During the same period, Defendant TARGET CORPORATION also engaged in a

4   continuing course of conduct to ignore, and to avoid recognition of Plaintiffs complaints of

5   pregnancy discrimination, disability discrimination, requests to accommodate, and/or retaliation.

6       60.    TARGET CORPORATION practiced a policy, procedure, and continuing course

7   of conduct through which it used its supervisory power and authority over Plaintiff to harass,

8   retaliate, intimidate, coerce, Plaintiff into quitting because of her temporary disability of

9   pregnancy.

10       61.    Defendant created and maintained a hostile work environment for Plaintiff, and

11   that said unlawful conduct was within the scope of the respective Defendant's employment and

12   authority from Defendant, TARGET CORPORATION.

13       62.    The directors and/or managers of Defendant TARGET CORPORATION furthered,

14   aided, authorized, knew of, and ratified the wrongful conduct complained of herein.

15

16   ### EXHAUSTION OF ADMINISTRATIVE REMEDIES

17       63.    On or about May 10, 2013, Plaintiff filed an administrative complaint with the

18   California Department of Fair Employment and Housing (DFEH). (A true and correct copy of said

19   administrative complaint is attached as Exhibit "A.")

20       64.    On or about May 13, 2013, the DFEH sent Plaintiff a right-to-sue letter. (A true

21   and correct copy of the right-to-sue letter is attached as Exhibit "B.")

22

23   ### FIRST CAUSE OF ACTION
PREGNANCY DISCRIMINATION
(Government Code §12945-*Fair Employment and Housing Act*)

24   [SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]

25       65.    Plaintiff re-alleges each and every of the foregoing paragraphs and those in the

26   causes of action that follow, and incorporates the same as though fully set forth at this point.

27       66.    At all times relevant times, Defendant TARGET CORPORATION was and is an

28   employer within the definition of employer as defined for the purposes of discrimination under

1  the Fair Employment and Housing Act, in that Defendant employed more than fifty persons in

2  the State of California.

3       67.     Defendant TARGET CORPORATION and DOES 1-100 unlawfully discriminated

4  against her because she was pregnant in that it unlawfully terminated Plaintiff's employment, and

5  failed and refused to return Plaintiff to her original position and/or original shift following her

6  maternity leave even though MS. SANCHEZ'S original position and original shift start times still

7  existed.

8       68.     Plaintiff is informed, believes and alleges that Defendant intended that the

9  unlawful conduct described herein to cause injury to Plaintiff and did in fact, cause injury to her.

10  In fact, such conduct has caused injury and general damages to her, as well as past, present and

11  future, loss of income, and past, present and future medical expenses for care, and treatment, for

12  the physical and emotional stress, and injury from said Defendant's conduct.

13       69.     As a proximate result of Defendant's unlawful conduct, Plaintiff has sustained

14  economic harm including the loss of the wages, salary, benefits, retirement, and additional sums

15  she would have earned if Defendant had not discriminated against her in the terms, conditions,

16  and privileges of employment.

17       70.     Defendant has denied and deprived Plaintiff of wages and money that she had

18  worked for and was lawfully due to her as a further proximate result of Defendant's unlawful

19  conduct.

20       71.     Defendant has additionally harmed Plaintiff by causing her to suffer loss of

21  employment, past, present and future, employment status and thereby suffer a greater loss of

22  income as a further proximate result of said Defendant's unlawful conduct.

23       72.     Defendant additionally harmed Plaintiff in that Defendant's unlawful conduct

24  caused Plaintiff to suffer intangible loss of such employment-related opportunities such as

25  possible advancement and hiring by other departments and companies as a further proximate

26  result of Defendant's unlawful conduct.

27       73.     Defendant's unlawful conduct has proximately caused Plaintiff to suffer general

28  damages in an amount in excess of the jurisdictional minimum of the Superior Court.

74.     As a further proximate result of Defendant's unlawful acts has harmed Plaintiff in that she has suffered humiliation, mental anguish, and severe emotional and physical distress, and she has suffered injury to her mind and/or body.

75.     Defendant engaged in the described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA.

76.     Plaintiff is entitled to punitive damages against Defendant pursuant to Civil Code §3294.

77.     Defendant's conduct constituted unlawful employment practices in violation of California Government Code §§12940, et seq.

78.     Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's rights under California law. No adequate remedy exists at law for many of the injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

79.     In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code §12965(b) and/or California Code of Civil Procedure §1021.5, she is entitled to an award of attorney fees, including a multiplier as allowed by law.

## SECOND CAUSE OF ACTION
### DISABILITY DISCRIMINATION
**(Government Code §§12940, *et seq.-Fair Employment and Housing Act*)**
**[SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]**

80.     Plaintiff re-alleges each and every of the foregoing paragraphs and those in the causes of action that follow, and incorporates the same as though fully set forth at this point.

81.     At all relevant times, Defendant TARGET CORPORATION and DOES 1- 100, was and is an employer within the definition of employer as defined for the purposes of discrimination under the Fair Employment and Housing Act, in that Defendant employed more than five persons in the State of California.

82.     At all relevant times Defendant through its agents, established and maintained business policies, practices, and procedures discriminating against employees with disabilities.

83.     At all relevant times, Defendant through its agents, established and maintained business policies, practices, and procedures refusing to permit or allow employees suffering a major life illness or limitation, such as Plaintiff's limitations due to her pregnancy, but who were able to perform the essential functions of her employment position, with reasonable accommodations in order to continue in her position of gainful employment.

84.     At all relevant times, Defendant refused to permit a reasonable accommodation to permit Plaintiff to perform the essential functions of her position and thereby to continue to enjoy gainful employment. Such refusal to permit a reasonable accommodation amounts to and constitutes discrimination against Plaintiff due to her physical disability.

85.     Defendant intended that its unlawful conduct cause injury to Plaintiff and did in fact, cause injury to her. In fact, such conduct has caused injury and general damages to her, as well as past, present and future, loss of income, and past, present and future medical expenses for care, and treatment, for the physical and emotional stress, and injury from Defendant's conduct.

86.     Due to Defendant's unlawful conduct, Plaintiff has sustained economic harm including the loss of the wages, salary, benefits, retirement, and additional amounts of money she would have received if Defendant had not discriminated against her in the terms, conditions and privileges of employment.

87.     Defendant has denied and deprived Plaintiff of wages and money that she had worked for and was lawfully due to her as a further proximate result of said Defendant's unlawful conduct.

88.     Defendant has additionally harmed Plaintiff by causing her to suffer loss of employment, past, present and future, employment status and thereby suffer a greater loss of income.

89.     Defendant has additionally harmed Plaintiff by causing Plaintiff to suffer intangible loss of employment-related opportunities such as possible advancement and hiring by other departments and companies.

90.     Defendant's unlawful conduct has proximately caused Plaintiff to suffer general damages in an amount in excess of the jurisdictional minimum of the Superior Court.

91.     As a further proximate result of Defendant's unlawful acts harmed Plaintiff in that she has suffered humiliation, mental anguish, and severe emotional and physical distress, and she has suffered injury to her mind and/or body.

92.     Defendant engaged in the described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. As such, Plaintiff is entitled to punitive damages against Defendant pursuant to Civil Code §3294.

93.     Defendant's conduct constituted unlawful employment practices in violation of California Government Code §§12940, et seq.

94.     Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's rights under California law as described herein. No adequate remedy exists at law for many of the injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

95.     In bringing this action, Plaintiff has been required to retain the services of legal counsel. Pursuant to California Government Code §12965(b), she is entitled to an award of reasonable attorneys' fees including a multiplier as permitted by law.

### THIRD CAUSE OF ACTION
#### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
(Government Code §12940(m)-Fair Employment and Housing Act)
[SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]

96.     Plaintiff re-alleges each and every of the foregoing paragraphs and those in the causes of action that follow, and incorporates the same as though fully set forth at this point.

97.     Within the 12 months before the filing of Plaintiff's DFEH complaint, Plaintiff SANDRA SANCHEZ requested a reasonable accommodation for her physical disability, but which the employer refused to grant, all in violation of Government Code §12940(m).

98.     At all times prior to taking her disability leave, and as of approximately nine days after the termination of her employment, Plaintiff was able to fulfill the essential job functions and requirements for the position that Plaintiff held with Defendants TARGET CORPORATION and DOES 1-100.

99.   At all relevant times, Defendant through its agents, established business policies, practices, and procedures refusing to permit or allow its employees suffering a major life illness or limitation, such as Plaintiff's limitation on her ability to work during her pregnancy, but who was able to perform the essential functions of her employment position in order to continue in her position of gainful employment.

100.   At all relevant times, Defendant refused to permit a reasonable accommodation to allow Plaintiff to perform the essential functions of her position and thereby to continue to enjoy gainful employment. Such refusal to permit a reasonable accommodation amounts to and constitutes discrimination against Plaintiff due to her disability.

101.   Defendant intended that its unlawful conduct cause injury to Plaintiff and did in fact, cause injury to her. In fact, such conduct has caused injury and general damages to her, as well as past, present and future, loss of income, and past, present and future medical expenses for care, and treatment, for the physical and emotional stress, and injury from Defendant's conduct.

102.   As a proximate result of Defendant's unlawful conduct, Plaintiff sustained economic harm including the loss of the wages, salary, benefits, retirement, and additional amounts of money she would have received if she had Defendant not discriminated against in the terms, conditions and privileges of employment.

103.   Defendant has denied and deprived her of wages and money that she had worked for and was lawfully due to her as a proximate result of said Defendant's unlawful conduct.

104.   Defendant has additionally harmed Plaintiff by causing her to suffer loss of employment, past, present and future, employment status and thereby suffer a greater loss of income as a further proximate result of said Defendant's unlawful conduct.

105.   Defendant has additionally harmed Plaintiff in that Defendant's unlawful conduct has caused Plaintiff to suffer intangible loss of such employment-related opportunities such as possible advancement and hiring by other departments and companies as a further proximate result of Defendant's unlawful conduct.

106.   Defendant's unlawful conduct has proximately caused Plaintiff to suffer general damages in an amount in excess of the jurisdictional minimum of the Superior Court.

107.   As a further proximate result of Defendant's unlawful acts against Plaintiff, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and she has suffered injury to her mind and/or body.

108.   Defendant engaged in the described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. As such, Plaintiff is entitled to punitive damages against Defendant pursuant to Civil Code §3294.

109.   Defendant's conduct constituted unlawful employment practices in violation of California Government Code §§12940, et seq.

110.   Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's rights under California law as described herein. No adequate remedy exists at law for many of the injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

111.   In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code §12965(b) and/or California Code of Civil Procedure §1021.5, she is entitled to an award of attorney fees, including a multiplier as allowed by law.

## FOURTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS
### (Government Code §12940(n)-Fair Employment and Housing Act)
### [SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]

112.   Plaintiff re-alleges each and every of the foregoing paragraphs and those in the causes of action that follow, and incorporates the same as though fully set forth at this point.

113.   Within the 12 months before the filing of the DFEH complaint, Plaintiff requested a reasonable accommodation and sought to engage in the interactive process for her pregnancy complications and/or physical disability, which the employer refused to grant, all in violation of Government Code §12940(m).

114.   At all times prior to sustaining abdominal pain and thereafter becoming pregnant, Plaintiff was able to fulfill the essential job functions and requirements, with or without accommodations, for the position that Plaintiff held with Defendant.

115.   At all relevant times, Defendant through its agents, established business policies, practices, and procedures refusing to engage in the interactive process so as to permit or allow its employees suffering a major life illness or limitation, such as Plaintiff's limitation on her ability to work during her pregnancy, but who was able to perform the essential functions of her employment position with or without reasonable accommodations in order to continue in her position of gainful employment.

116.   At all relevant times, Defendant refused to engage in an interactive process to permit a reasonable accommodation to allow Plaintiff to perform the essential functions of her position, and thereby to continue to enjoy gainful employment. Such refusal to permit a reasonable accommodation amounts to and constitutes discrimination against Plaintiff due to her disability.

117.   Defendant intended that its unlawful conduct cause injury to Plaintiff and did in fact, cause injury to her. In fact, such conduct has caused injury and general damages to her, as well as past, present and future, loss of income, and past, present and future medical expenses for care, and treatment, for the physical and emotional stress, and injury from said Defendant's conduct.

118.   As a proximate result of Defendant's unlawful conduct, Plaintiff sustained economic harm including the loss of the wages, salary, benefits, retirement, and additional amounts of money she would have received if she had Defendant not discriminated against her in the terms, conditions and privileges of employment.

119.   Defendant has denied and deprived Plaintiff of wages and money that she had worked for and was lawfully due to her as a further proximate result of said Defendant's unlawful conduct.

120.   Defendant has additionally harmed Plaintiff by causing her to suffer loss of employment, past, present and future, employment status and thereby suffer a greater loss of income as a further proximate result of said Defendant's unlawful conduct.

121.   Defendant has additionally harmed Plaintiff in that Defendant's unlawful conduct has caused Plaintiff to suffer intangible loss of such employment-related opportunities such as

possible advancement and hiring by other departments and companies as a further proximate result of Defendant's unlawful conduct.

122. Defendant's unlawful conduct has proximately caused Plaintiff to suffer general damages in an amount in excess of the jurisdictional minimum of the Superior Court.

123. As a further proximate result of Defendant's unlawful acts, Defendant has harmed Plaintiff in that she has suffered humiliation, mental anguish, and severe emotional and physical distress, and she has suffered injury to her mind and/or body.

124. Defendant engaged in the described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. As such, Plaintiff is entitled to punitive damages against Defendants pursuant to Civil Code §3294.

125. Defendant's conduct constituted unlawful employment practices in violation of California Government Code §§12940, et seq.

126. Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's rights under California law as described herein. No adequate remedy exists at law for many of the injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

127. In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code §12965(b) and/or California Code of Civil Procedure §1021.5, she is entitled to an award of attorney fees, including a multiplier as allowed by law.

## FIFTH CAUSE OF ACTION
### RETALIATION
#### (Government Code §12940(h)-*Fair Employment and Housing Act*)
#### [SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]

128. Plaintiff re-alleges each and every of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

129. At all times relevant times, Defendant TARGET CORPORATION was and is an employer within the definition of employer as defined for the purposes of discrimination under the FEHA, in that Defendant employed more than five persons in the State of California.

130.   Beginning on or about May 10, 2012, Defendant subjected Plaintiff to adverse employment actions by informing her by telephone that if she did not return to work by or on about May 13, 2012, Defendants would terminate her employment, despite her doctor's notes she had provided her employer related to her absences and treatment due to her abdominal pain and her pregnancy and that she would be able to return to her job duties on May 22, 2012..

131.   On or about March 29, 2013, Defendant sent a letter to Plaintiff's attorney advising that it had terminated her on July 21, 2011, even though Defendant had approved her request for leave of request extending her disability leave to at least November 19, 2011, and Defendant had advised MS. SANCHEZ on or about May, 13, 2012 that it had processed her request to voluntarily terminate her employment, even though she had never requested that Defendant terminate her employment.

132.   At no time did Defendants engage in an interactive process to consider any accommodation for MS. SANCHEZ'S disability, such as extending her medical leave for an additional period of approximately nine days, or exploring whether MS. SANCHEZ could work part-time or some other reasonable accommodation that might have been available, but that is currently unknown to MS. SANCHEZ.

133.   Defendant retaliated against Plaintiff for having exercised activities protected by the FEHA, including seeking disability leave, seeking pregnancy leave, and seeking a reasonable accommodation for her disabilities.

134.   Defendant intended that its unlawful conduct cause injury to Plaintiff and did in fact, cause injury to her. In fact, such conduct has caused injury and general damages to her, as well as past, present and future, loss of income, and past, present and future medical expenses for care, and treatment, for the physical and emotional stress, and injury from said Defendant's conduct.

135.   As a proximate result of Defendant's unlawful conduct, Plaintiff has sustained economic harm including the loss of the wages, salary, benefits, retirement, and additional amounts of money she would have received if Defendant had not discriminated against her in the terms, conditions and privileges of employment.

136.    Defendant has denied and deprived her of wages and money that she had worked for and was lawfully due to her as a further proximate result of Defendant's unlawful conduct.

137.    Defendant has additionally harmed Plaintiff by causing her to suffer loss of employment, past, present and future, employment status and thereby suffer a greater loss of income as a further proximate result of Defendant's unlawful conduct.

138.    Defendant has additionally harmed Plaintiff in that Defendant's unlawful conduct has caused Plaintiff to suffer intangible loss of such employment-related opportunities such as possible advancement and hiring by other departments and companies as a further proximate result of Defendant's unlawful conduct.

139.    Defendant's unlawful conduct has proximately caused Plaintiff to suffer general damages in an amount in excess of the jurisdictional minimum of the Superior Court according to proof.

140.    As a further proximate result of Defendant's unlawful acts against Plaintiff, as alleged above, has harmed Plaintiff in that she has suffered humiliation, mental anguish, and severe emotional and physical distress, and she has suffered injury to her mind and/or body.

141.    Defendant engaged in the described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. As such, Plaintiff is entitled to punitive damages against Defendant, pursuant to Civil Code §3294.

142.    Defendant's conduct constituted unlawful employment practices in violation of California Government Code §§12940, et seq.

143.    Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's rights under California law as described herein. No adequate remedy exists at law for many of the injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

144.    In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code §12965(b) and/or California Code of Civil Procedure §1021.5, she is entitled to an award of attorney fees, including a multiplier as allowed by law.

### SIXTH CAUSE OF ACTION
FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT
(Government Code §12940(k)-Fair Employment and Housing Act)
[SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]

145.   Plaintiff SANDRA SANCHEZ restates and incorporates each of the foregoing and following allegations of this complaint as if set forth at length.

146.   Defendant TARGET CORPORATION had an affirmative duty to take all reasonable steps necessary to prevent harassment and discrimination on the basis of actual or perceived physical disability, gender, and/or pregnancy, to prevent retaliation against those who seek employment with a reasonable accommodation, and to provide reasonable accommodations pursuant to Government Code §12940(k).

147.   Defendant breached its affirmative duty to take all reasonable steps necessary to prevent discrimination and harassment.

148.   As a result of Defendant's failure to take all reasonable steps, including the failure to train, monitor, protect, enforce, and oversee the mandates for anti-discrimination rules and reasonable accommodations and medical leave as needed, Plaintiff was injured in the manner set forth herein.

149.   Defendant intended its unlawful conduct to cause injury to Plaintiff and did in fact, cause injury to her. In fact, such conduct has caused injury and general damages to her, as well as past, present and future, loss of income, and past, present and future medical expenses for care, and treatment, for the physical and emotional stress, and injury from said Defendant's conduct.

150.   As a proximate result of said Defendant's unlawful conduct, Plaintiff has sustained economic harm including the loss of the wages, salary, benefits, retirement, and additional amounts of money she would have received if Defendant had not discriminated against her in the terms, conditions, and privileges of employment.

151.   Defendant denied and deprived Plaintiff of wages and money that she had worked for and was lawfully due to her.

152.   Defendant has additionally harmed Plaintiff by causing her to suffer loss of employment, past, present and future, employment status and thereby suffer a greater loss of income as a further proximate result of said Defendant's unlawful conduct.

153.   Defendant has additionally harmed Plaintiff in that Defendant's unlawful conduct has caused Plaintiff to suffer intangible loss of such employment-related opportunities such as possible advancement and hiring by other departments and companies as a further proximate result of Defendant's unlawful conduct.

154.   Defendant's unlawful conduct has proximately caused Plaintiff to suffer general damages in an amount in excess of the jurisdictional minimum of the Superior Court according to proof.

155.   As a further proximate result of Defendant's unlawful acts have harmed Plaintiff in that she has suffered humiliation, mental anguish, and severe emotional and physical distress, and she has suffered injury to her mind and/or body.

156.   Defendant engaged in the described unlawful conduct with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. As such, Plaintiff is entitled to punitive damages against Defendant pursuant to Civil Code §3294.

157.   Defendant's conduct constituted unlawful employment practices in violation of California Government Code §§12940, et seq.

158.   Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's rights under California law as described herein. No adequate remedy exists at law for many of the injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

159.   In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code §12965(b) and/or California Code of Civil Procedure §1021.5, she is entitled to an award of attorney fees, including a multiplier as allowed by law.

### SEVENTH CAUSE OF ACTION
### INTERFERENCE AND RETALIATION-CFRA
#### (Government Code §12940(n)-California Family Rights Act)
#### [SANDRA SANCHEZ v. TARGET CORPORATION, and DOES 1 through 100]

160.    Plaintiff re-alleges each and every of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

161.    At all times relevant times, Defendant TARGET CORPORATION and DOES 1-100, was and is an employer within the definition of employer as defined for the purposes of discrimination under the Fair Employment and Housing Act, in that said Defendant employed more than fifty persons in the State of California within 50 miles of Plaintiff's place of employment.

162.    Beginning on or about May 10, 2012, Defendant subjected Plaintiff SANCHEZ to adverse employment actions by informing her by telephone that if she did not return to work by or on about May 13, 2012, that Defendant would terminate her employment, despite the doctor's notes she had provided her employer related to her absences and treatment was due to her abdominal pain and pregnancy, and that she would be able to return to work within approximately nine days.

163.    On or about March 29, 2013, Defendant sent a letter to MS. SANCHEZ'S attorney advising that they had terminated her on July 21, 2011, even though Defendants had approved her request for leave of request extending her disability leave to at least November 19, 2011, and Defendants had advised MS. SANCHEZ on or about May, 13, 2012 that they had processed her request to voluntarily terminate her employment, even though she never requested voluntary termination of her employment.

164.    At no time did Defendant engage in an interactive process to consider any accommodation for MS. SANCHEZ'S disability, such as extending her medical leave for an additional period or exploring whether MS. SANCHEZ could work part-time or some other reasonable accommodation that might have been available, but currently unknown to MS. SANCHEZ.

165.    Plaintiff is informed, believes and alleges that Defendant intended its unlawful conduct to cause injury to Plaintiff and did in fact, cause injury to her. In fact, such conduct has caused injury and general damages to her, as well as past, present and future, loss of income, and

1   past, present and future medical expenses for care, and treatment, for the physical and emotional

2   stress, and injury from Defendant's conduct.

3       166.   As a proximate result of said Defendant's unlawful conduct, Plaintiff has

4   sustained economic harm including the loss of the wages, salary, benefits, retirement, and

5   additional amounts of money she would have received if Defendant had not discriminated against

6   her in the terms, conditions and privileges of employment.

7       167.   Defendant has denied and deprived Plaintiff of wages and money that she had

8   worked for and was lawfully due to her.

9       168.   Defendant has additionally harmed Plaintiff by causing her to suffer loss of

10   employment, past, present and future, employment status and thereby suffer a greater loss of

11   income as a further proximate result of said Defendant's unlawful conduct.

12       169.   Defendant has additionally harmed Plaintiff in that Defendant's unlawful conduct

13   has caused Plaintiff to suffer intangible loss of such employment-related opportunities such as

14   possible advancement and hiring by other departments and companies as a further proximate

15   result of Defendant's unlawful conduct.

16       170.   Defendant's unlawful conduct has proximately caused Plaintiff to suffer general

17   damages in an amount in excess of the jurisdictional minimum of the Superior Court according to

18   proof.

19       171.   As a further proximate result of Defendant's unlawful acts against Plaintiff have

20   harmed Plaintiff in that she has suffered humiliation, mental anguish, and severe emotional and

21   physical distress, and she has suffered injury to her mind and/or body.

22       172.   Defendant engaged in the described unlawful conduct with malice, fraud, or

23   oppression, and in reckless disregard of Plaintiff's rights under the FEHA. As such, Plaintiff is

24   entitled to punitive damages against Defendants, pursuant to Civil Code §3294.

25       173.   Defendant's conduct constituted unlawful employment practices in violation of

26   California Government Code §§12940, et seq.

27       174.   Defendant's unlawful conduct toward Plaintiff was in disregard of Plaintiff's

28   rights under California law as described herein. No adequate remedy exists at law for many of the

injuries suffered by Plaintiff. Plaintiff will suffer irreparable injury. Therefore, Plaintiff requests the injunctive relief set forth in the prayer.

175.    In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code §12965(b) and/or California Code of Civil Procedure §1021.5, she is entitled to an award of attorney fees, including a multiplier as allowed by law.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

(a)    For actual damages, in excess of the jurisdictional minimum of the Superior Court;

(b)    For compensatory damages, including general damages and special damages, in excess of the jurisdictional minimum of the Superior Court;

(c)    For special damages for loss of income and benefits, including back pay, future pay, loss of retirement income and benefits, medical services, and employability;

(d)    For medical expenses for treatment and medical services that are reasonably related to the injuries and damages to Plaintiff's losses sustained herein, both past and future;

(e)    For injunctive relief including the return of Plaintiff to her former employment if Plaintiff chooses to return to her employment,

(f)    For injunctive relief including appropriate changes in Defendant's employment practices to comply with Discrimination, Pregnancy, and Retaliation laws, and training thereon;

(g)    For punitive damages, according to proof, against Defendant;

(h)    For Attorneys' Fees and costs, according to proof; and

(i)    For any and all other remedies as the court deems just.

DATED:  April 9 , 2014                    LAW OFFICE OF DEAN B. GORDON

DEAN B. GORDON,
Attorney for Plaintiff SANDRA SANCHEZ

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by Jury.

3

4    DATED: April 9, 2014              LAW OFFICE OF DEAN B. GORDON

5

6                                      DEAN B. GORDON,
7                                      Attorney for Plaintiff SANDRA SANCHEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
DEAN B. GORDON (061311)
LAW OFFICE OF DEAN B. GORDON
1220 EAST OLIVE AVENUE, FRESNO, CA 93728
TELEPHONE NO: 559-221-7777    FAX NO: 559-221-6812
**ATTORNEY FOR** (Name): SANDRA SANCHEZ

**FOR COURT USE ONLY**

F I L E D

APR - 9 2014

FRESNO COUNTY SUPERIOR COURT
By _____
DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO
STREET ADDRESS: 1130 "O" STREET
MAILING ADDRESS: 1130 "O" STREET
CITY AND ZIP CODE: FRESNO, CA 93721
BRANCH NAME: CENTRAL DIVISION-CIVIL UNLIMITED

**CASE NAME:** SANDRA SANCHEZ v. TARGET CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 14 CE CG 01010 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: APRIL ___, 2014

DEAN B. GORDON, ESQ.
(TYPE OR PRINT NAME)          ▶ _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.JurisSearch.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section. Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. The **mediation process is commonly used for most civil case types and can provide the greatest** level of **flexibility for parties.**

## Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute.** This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

1.  **Binding arbitration:** Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2.  **Non-binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR normally are put into writing and can become binding contracts that can be enforced by the court if the parties. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

Advantages & Disadvantages of ADR:

*Advantages*

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

*Disadvantages of ADR*

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. *Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.  These organizations include:

- <u>Better Business Bureau Mediation Center</u>- This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.valleymediation.net .

  4201 W. Shaw Ave., Ste. 107
  Fresno, CA 93722
  559.256.6300 (phone)
  800.675.8118, ext. 300 (toll free)
  www.bbbcencal.org

- <u>Fresno Pacific Mediation Services</u>- This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP).  They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to www.peace.fresno.edu/mediate/.

  1717 S. Chestnut Avenue
  Fresno, CA. 93702
  (559) 453-3423
  mediation.services@fresno.edu

- <u>San Joaquin College of Law Mediation Center</u>- This organization provides free mediation to self-represented parties regarding family law **property** disputes.  They also assist with the preparation of marital settlement agreements for divorcing parties.  For more information go to www.sjcl.edu and click on mediation.

  905 5th Street
  Clovis, CA. 93612
  (559) 323-2100

For more information, go to www.fresnosuperiorcourt.org/alternative_dispute_resolution or contact :

| Marl Henson, Administrator | John Montejano, Asst. Administrator |
|---|---|
| 1130 "O" Street, Fresno CA 93724-0002 | 1130 "O" Street, Fresno, CA 93724-0002 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | jmontejano@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:          FAX NO: | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:  (  )_____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01 R01-09        STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                          FAX NO: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No   Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No   Reason for delay: _____
           Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 R01-09          **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)**          Page 1 of 2

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**CIVIL DEPARTMENT, CENTRAL DIVISION**<br>1130 "O" Street<br>Fresno, California 93724<br>(559) 457-2000 | Filed<br>  Fresno County<br><br>APRIL   09, 2014<br><br>By System |
| TITLE OF CASE:<br><br>**Sandra Sanchez vs. Target Corporation** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND**<br>**ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>   **14CECG01010 MBS**<br>       **MBS** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **M. Bruce Smith** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **AUGUST    11, 2014 at 01:30 PM** in **104** located at **1130 'O' Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

G. SAUCEDA

Date:  **April 9, 2014**              Clerk, by _____ , Deputy
                                                           G. Sauceda

---





U.S. POSTAGE
PAID
FRESNO, CA
93706
APR 30 14
AMOUNT
$7.61
0004715308
90017
1000

UNITED STATES
POSTAL SERVICE

**CERTIFIED MAIL™**

7005 1160 0004 0164 4508

CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017



1220 E. Olive
Fresno, CA 93728

# EXHIBIT B

COPY

1   SEYFARTH SHAW LLP
    Laura J. Maechtlen (SBN 224923)
2   Email: lmaechtlen@seyfarth.com
    560 Mission Street, 31st Floor
3   San Francisco, California  94105
    Telephone: (415) 397-2823
4   Facsimile:  (415) 397-8549

5   SEYFARTH SHAW LLP
    Anthony J. Musante (SBN 252097)
6   Email: amusante@seyfarth.com
    400 Capitol Mall, Suite 2350
7   Sacramento, CA  95814
    Telephone: (916) 448-0159
8   Facsimile:  (916) 558-4839

9   Attorneys for Defendant
    TARGET CORPORATION

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                          COUNTY OF FRESNO

13

14  SANDRA SANCHEZ,                      Case No. 14 CE CG 01010 MBS

15              Plaintiffs,              **DEFENDANT'S ANSWER TO**
                                         **PLAINTIFF'S COMPLAINT FOR**
16       v.                              **DAMAGES**

17  TARGET CORPORATION, a corporation; and
    DOES 1-100, inclusive,
18
                Defendants.
19

20       Defendant TARGET CORPORATION ("Defendant" or "Target"), hereby answers Plaintiff

21  SANDRA SANCHEZ ("Plaintiff") unverified Complaint ("Complaint") as follows:

22                              **GENERAL DENIAL**

23       Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant

24  denies, generally and specifically, each and every allegation, statement, matter and each purported cause

25  of action contained in Plaintiff's unverified Complaint, and without limiting the generality of the

26  foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums

27  alleged, or in any way at all, by reason of any alleged acts or omissions of Defendant.

28

                                        1
                    ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## SEPARATE DEFENSES

In further answer to the Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST SEPARATE DEFENSE:

### (Failure to State Claim for Relief - All Causes of Action)

1.     The Complaint and each cause of action attempted to be stated therein fails to set forth facts sufficient to constitute a cause of action.

### SECOND SEPARATE DEFENSE:

### (No Injury - All Causes of Action)

2.     Plaintiff has sustained no injury or damages by reason of any act of Defendant.

### THIRD SEPARATE DEFENSE:

### (Statute of Limitations - All Causes of Action)

3.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by applicable statute of limitations, including, but not limited to, California Code of Civil Procedure section 338, 343, California Government Code section 12960, and 29 U.S.C. §2617(c)(1)(2).

### FOURTH SEPARATE DEFENSE:

### (Failure To Exhaust Administrative Remedies -All Causes of Action)

4.     On information and belief, Plaintiff's purported causes of action are barred and/or the Court lacks subject matter jurisdiction, based on Plaintiff's failure to exhaust his administrative remedies under the California Government Code, failure to timely exhaust her administrative remedies, or her failure to properly assert the subject of her claims in Plaintiff's charges of discrimination filed with the California Department of Fair Employment and Housing.

///

///

///

///

2

## FIFTH SEPARATE DEFENSE:

### (Legitimate, Good-Faith, Non-Discriminatory, Non-Retaliatory Reasons - All Causes of Action)

5.    Plaintiff's Complaint, and each purported cause of action alleged against Defendant, is barred because the alleged treatment complained of by Plaintiff, if it occurred, is permissible as it was privileged, justified, and based on legitimate, good-faith, non-discriminatory and non-pretextual reasons.

## SIXTH SEPARATE DEFENSE:

### (Failure to Take Advantage of Corrective Opportunities - All Causes of Action)

6.    Plaintiff's Complaint, and each purported cause of action alleged are barred, and any recovery of damages is precluded in whole or in part because, on information and belief, Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities, or unreasonably failed to avoid harm otherwise.

## SEVENTH SEPARATE DEFENSE:

### (No Vicarious Liability - All Causes of Action)

7.    There is no factual or legal basis on which Defendant can be held vicariously liable for the alleged conduct of others.

## EIGHTH SEPARATE DEFENSE:

### (Unclean Hands - All Causes of Action)

8.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff has unclean hands.

## NINTH SEPARATE DEFENSE:

### (Laches - All Causes of Action)

9.    The Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

## TENTH SEPARATE DEFENSE:

### (At-Will Employment - All Causes of Action)

10.    Plaintiff's purported causes of action are barred pursuant to California Labor Code section 2922 in that Plaintiff's employment was, at all times, at-will.

///

3

## ELEVENTH SEPARATE DEFENSE:

### (After Acquired Evidence - All Causes of Action)

11.     Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## TWELFTH SEPARATE DEFENSE:

### (Failure to Mitigate Damages - All Causes of Action)

12.     Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering any damages for lost wages; or any recovery for lost wages and/or earnings potential must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## THIRTEENTH SEPARATE DEFENSE:

### (Avoidable Consequences - All Causes of Action)

13.     Plaintiff's damages are limited because Plaintiff is precluded from seeking those damages she could have avoided by reasonable effort or expenditure.

## FOURTEENTH SEPARATE DEFENSE:

### (Appropriate Remedial Action - Fifth and Seventh Causes of Action)

14.     To the extent Plaintiff's Complaint alleges she was subject to any retaliation, Plaintiff's claims are barred because all reasonable steps to prevent any alleged retaliation were taken once Defendant was made aware of Plaintiff's complaints.

## FIFTEENTH SEPARATE DEFENSE:

### (Adoption of Anti-Discrimination Policy - All Causes of Action)

15.     Plaintiff's claim for punitive damages against Defendant is barred by Defendant's adoption, adherence, and/or enforcement of a policy against the discrimination of the type alleged in the Complaint.

///

///

///

4

## SIXTEENTH SEPARATE DEFENSE:

### (Employment Decisions Contrary to Employer's Policies - All Causes of Action)

16.     Plaintiff may not recover punitive damages for alleged discriminatory employment decisions or conduct to the extent that those decisions or alleged conduct are contrary to policies Defendant has instituted in good faith against wrongful conduct.

## SEVENTEENTH SEPARATE DEFENSE:

### (Labor Code § 2924 - All Causes of Action)

17.     Plaintiff's causes of action are barred pursuant to California Labor Code section 2924 in that Plaintiff willfully breached his duties in the course of her employment, neglected her duties as an employee, or continually was incapable of performing such duties.

## EIGHTEENTH SEPARATE DEFENSE:

### (Labor Code §§ 2854 and 2856 - All Causes of Action)

18.     Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

## NINETEENTH SEPARATE DEFENSE:

### (Legitimate Non-Discriminatory Factors - All Causes of Action)

19.     Plaintiff may not obtain any of the relief requested in the Complaint because any adverse employment action, if taken at all, was taken against Plaintiff based on legitimate, non-discriminatory factors other than Plaintiff's purported disability, need for accommodation, or his taking of protected leave.

## TWENTIETH SEPARATE DEFENSE:

### (Workers' Compensation Exclusivity - All Causes of Action)

20.     Plaintiff's claims for purported physical or emotional injuries allegedly suffered during or as a result of her employment are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act.

///

///

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### TWENTY-FIRST SEPARATE DEFENSE:

**(Set-Off - All Causes of Action)**

21.     Defendant is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of Defendant, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

### TWENTY-SECOND SEPARATE DEFENSE:

**(Pre-existing Condition or Alternative Cause - All Causes of Action)**

22.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing medical condition or psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### TWENTY-THIRD SEPARATE DEFENSE:

**(Unconstitutionality of Punitive Damages - All Causes of Action)**

23.     Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

### TWENTY-FOURTH SEPARATE DEFENSE:

**(Due Process - All Causes of Action)**

24.     Plaintiff's punitive damages claims constitute a denial of Defendant's right to due process of law and equal protection of the law and violate the separation of judicial, legislative and executive powers guaranteed by the United States Constitution.

### TWENTY-FIFTH SEPARATE DEFENSE:

**(Lack of Malice - All Causes of Action)**

25.     Defendant alleges that, assuming, *arguendo*, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.

///

///

///

///

6

### TWENTY-SIXTH SEPARATE DEFENSE:

#### (Good Faith Participation in the Interactive Process - Second through Fourth Causes of Action)

26.     Plaintiff's causes of action are barred because Defendant attempted to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation, if any, for her alleged disability, and Plaintiff was responsible for any breakdown in the interactive process.

### TWENTY-SEVENTH SEPARATE DEFENSE:

#### (Business Necessity - All Causes of Action)

27.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Defendant acted in accordance with qualification standard and/or selection criterion that is job-related and consistent with business necessity and such performance cannot be accomplished by reasonable accommodation.

### TWENTY-EIGHTH SEPARATE DEFENSE:

#### (Obligation to Accommodate Fulfilled - Second through Fourth Causes of Action)

28.     Plaintiff's causes of action are barred because Defendant fulfilled whatever obligations it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of the business necessities.

### TWENTY-NINTH SEPARATE DEFENSE:

#### (Inability to Perform Essential Functions - Second through Fourth Causes of Action)

29.     Plaintiff's causes of action are barred because Plaintiff could not perform the essential functions of her position, with or without reasonable accommodation, in a manner which would not endanger the health or safety of herself or others.

### THIRTIETH SEPARATE DEFENSE:

#### (Undue Hardship - Second through Fourth Causes of Action)

30.     Plaintiff's causes of action are barred because Plaintiff's alleged disability could not be accommodated without undue hardship to Defendant.

///

///

///

7

## THIRTY-FIRST SEPARATE DEFENSE:

### (Failure to Comply With CFRA/FMLA)

31.     Plaintiff's claims are barred, in whole or in part, to the extent she did not comply with the prerequisites for taking leave under the CFRA and/or FMLA.

## THIRTY-SECOND SEPARATE DEFENSE:

### (Pending Discovery - All Causes of Action)

32.     Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES

33.     Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law.  As a result of Plaintiff's filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case.  Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure section 128.7.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.     Plaintiff take nothing by the Complaint;

2.     Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

3.     The Complaint be dismissed in its entirety with prejudice;

4.     For costs of suit incurred herein;

5.     For reasonable attorneys' fees; and

6.     For such other and further relief as the Court deems proper.

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1   DATED: May 16, 2014

Respectfully submitted,

2
SEYFARTH SHAW LLP
3

4   By: _____
    Laura J. Maechtlen
5   Anthony J. Musante
    Attorneys for Defendant
6   TARGET CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

17176281v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                              )  ss
COUNTY OF SACRAMENTO          )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-4428.  On May 16, 2014, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☐   I sent such document from facsimile machines (916) 558-4839 on May 16, 2014.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Dean B. Gordon
LAW OFFICE OF DEAN B. GORDON
1220 East Olive Ave.
Fresno, CA  93728
Telephone: 559/221-777
Facsimile:  559/221-6812

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on May 16, 2014, at Sacramento, California.

_____
Jean Moore